Danibu, Judge.
 

 The act of assembly of 1794,
 
 (Rev. ch.
 
 414, s. 19,) requires, that when a constable has levied on land, the justice shall return such execution with all other papers on which the judgment was given to the next court to be held for said county; which land, shall by order of said court be sold by the sheriff of the said county, or so much thereof as may be sufficient to satisfy such judgment, in the same manner as real property is sold by writs of
 
 fieri facias
 
 or
 
 venditioni exponas
 
 issuing from such courts; and the clerk of the court where such
 
 *23
 
 papers, are returned shall, in a well bound book kept for that purpose, record the whole of the papers and ings had before the justice, and he shall be allowed the same fee as for entering a judgment in any other suit. It is a well settled rule, in this state, that in ejectment, the purchaser at a sheriff’s sale is bound to show the judgment on which the execution issued;
 
 Doe ex dem. Bryan
 
 v.
 
 Brown, 2
 
 Murph. 343. And where he purchases under an order of sale, made by the County Court upon the return of a constable, that he “ had levied upon the land of the defendant, there being no personal property to be found,” he must show the judgment recovered before the justice of the peace.
 
 Den ex dem. Hamilton
 
 v.
 
 Adams, 2
 
 Murph. 161. The plaintiff in this case did not show any judgment of a justice which had been returned to the County Court and recorded; neither did he show if such evidence be admissible, that such judgment had subsequently been lost. The memoranda or notes on the docket, and what the clerk swore, did not prove that fact. We think, that the plaintiff was bound to show, that a justice’s judgment had been rendered against Hildreath; and that after the levy on the land by the constable, it had been returned into the County Court of Anson, to justify the “
 
 order of sale”
 
 made by the said court. The entry on the trial docket of the “
 
 order of sale,”
 
 is not the judgment which the law requires to be shown. When a judgment is regularly entered, the
 
 award
 
 of execution is always entered on the roll at the foot of the judgment, but this award or fiat for execution to go, composes no part of the judgment. We therefore think the judge erred in permitting the
 
 venditioni exponas
 
 to be given in evidence for the plaintiff without proof of any justice’s judgment ever having been rendered against Hildreath and returned to Court, to authorize the court to make an order of sale, or award such an execution.
 

 There must be a new trial.
 

 Per Curiam. Judgment reversed.